## Guilford Yacht Club Association, Inc. *v.*
## Northeast Dredging, Inc.
## (11409)

Speziale, C. J., Peters, Healey, Parskey and Shea, Js.

Argued November 1, 1983—decision released January 3, 1984

*Charles A. Sherwood,* for the appellant (plaintiff).

*Joel M. Kaye,* for the appellee (defendant).

Per Curiam. The plaintiff brought suit pursuant to General Statutes § 49-51[1] to discharge two judgment liens placed by the defendant on the plaintiff's real

---

[1] General Statutes § 49-51 provides: "Any person having an interest in any real estate described in any certificate of lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien in the office where recorded. If that request is not complied with in thirty days, that person may bring his complaint to the court which would have jurisdiction of the foreclosure of the lien, if valid, claiming such discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request. If the court is of the opinion that such certificate of lien was filed without just cause, it may allow, in its discretion, damages to any person aggrieved by such failure to discharge, at the rate of one hundred dollars for each week after the expiration of such thirty days, but not exceeding in the whole the sum of five thousand dollars or an amount equal to the loss sustained by such aggrieved person as a result of such failure to discharge the lien, which loss shall include, but not be limited to, a reasonable attorney's fee, whichever is greater. A certified copy of the judgment of invalidity recorded on the land records of the town where the certificate of lien was filed fully discharges the lien."

property located in Guilford. The trial court found that the plaintiff had failed to meet its burden of proving that notice as required by the statute was given to the defendant requesting the discharge of each lien and rendered judgment for the defendant. After a motion to open and vacate the judgment was denied, the plaintiff filed this appeal.[2]

On appeal, the plaintiff claims that the requisite notice was given in respect to each lien, and that the liens are invalid because (1) they are not supported by "an unsatisfied judgment obtained in any court of this state . . ."[3] and (2) they were filed during a period when execution of the judgment was stayed by the rules of procedure of the forum state.[4] We find no error in the trial court's conclusion that the requisite notice was not proved and, therefore, do not reach the other issues.

The facts are as follows: On December 23, 1980, a judgment was entered in the Cumberland County Superior Court of Maine awarding the plaintiff $14,800 on its complaint while also awarding the defendant $68,414[5] on its counterclaim. Seven days later the

[2] The motion to open and vacate was filed within the twenty-day appeal period, thereby extending the time for filing an appeal. See Practice Book § 3007.

[3] General Statutes § 49-44 provides in part: "Any suitor having an unsatisfied judgment obtained in any court of this state or of the United States within this state, may cause to be recorded, in the town clerk's office in the town where the land lies, a certificate signed by the judgment creditor, his attorney or personal representative, substantially in the form following:" But see General Statutes § 52-605 (b) (judgment registered pursuant to Uniform Enforcement of Foreign Judgments Act treated as judgment of this state). The judgment for which the liens were filed in this case was obtained in a Maine trial court.

[4] Maine Rule of Civ. Proc. 62 (a) provides for a thirty-day automatic stay; Rule 62 (e) provides for an automatic stay during the course of an appeal. See also Practice Book § 3065.

[5] The judgment was not formally correct. On appeal the Supreme Court of Maine modified the judgment, resulting in a net award to the defendant of $53,614. See *Guilford Yacht Club Assn., Inc.* v. *Northeast Dredging, Inc.,*

defendant registered the judgment in the New Haven Superior Court,[6] and filed the judgment in the land records of the town of Guilford, perfecting its lien on the plaintiff's property.

On February 2, 1981, the plaintiff filed an appeal with the Maine Supreme Court. While the appeal was pending, the plaintiff's counsel sent a letter to the defendant's counsel, John Slane, Jr.,[7] in which he claimed to have requested that the lien be discharged. No further action was taken with respect to the lien by either party until July 23, 1981, when the plaintiff brought this action to discharge the lien. A second lien was placed on the property on October 14, 1981, which was identical to the first lien in all respects. The plaintiff amended its complaint and sought to discharge the second lien, maintaining that it too was invalid.[8] Thereafter, the Supreme Court of Maine affirmed the trial court's decision, modifying the judgment to conform to the award. See footnote 5, supra.

---

438 A.2d 478, 479 n.1 (Me. 1981). The judgment certification was amended with the permission of the trial court in this case to reflect the Maine Supreme Court's decision.

[6] General Statutes § 52-605 (a) provides for the enforcement of foreign judgments by filing a "certified copy of [the] foreign judgment in the court in which enforcement of such judgment is sought . . . ." We note § 52-605 (a) also requires a judgment creditor to file "certification . . . that the enforcement of such judgment has not been stayed . . . ." In light of the automatic stay of thirty days following the date of the Maine trial court judgment; see footnote 4, supra; it is difficult to see how the defendant complied with this provision. In our disposition of this case, however, we need not decide whether failure to comply with § 52-605 (a) affects the validity of the lien.

[7] Attorney John Slane, Jr., filed the judgment on behalf of the defendant. He also initially represented the defendant in the proceedings below. He was no longer the defendant's counsel, however, when the action was tried.

[8] At trial and on appeal, the plaintiff's counsel candidly admitted that no written notice had ever been sent to the defendant-lienor requesting the second lien to be removed. Instead, the plaintiff's counsel maintains that, because the liens are identical except with respect to time, the filing

Not unlike the dissolution of an attachment, the discharge of a lien is a " 'statutory proceeding' . . . . The statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given . . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter and not over the parties." *D'Andrea* v. *Rende,* 123 Conn. 377, 380, 195 A. 741 (1937). The "essential condition" of an action under General Statutes § 49-51 is *"written notice to the lienor sent to him at his last-known address by registered mail or by certified mail,* postage prepaid, return receipt requested, to discharge the lien in the office where recorded." (Emphasis added.)

As the moving party, the plaintiff had the burden of establishing compliance with this statutory requirement. See *Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 81 A. 244 (1911); *Windsor Properties, Inc.* v. *Great Atlantic & Pacific Tea Co.,* 35 Conn. Sup. 297, 408 A.2d 936 (1979). In an effort to meet its burden on the issue, the plaintiff introduced evidence that the defendant's former counsel had received a letter from its counsel, pertaining to the first lien.[9] The plaintiff

of suit to discharge the first lien was sufficient notice with respect to the second lien which was the subject of the amendment, and that the plaintiff, therefore, had substantially complied with General Statutes § 49-51. The service of a complaint does not satisfy a notice requirement which is a prerequisite to the commencement of a statutory action. *Forbes* v. *Suffield,* 81 Conn. 274, 275–76, 70 A. 1023 (1908); see *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 A. 98 (1895). The defendant claims that the second lien, having been filed after the expiration of the automatic stay which followed the rendition of the judgment of the Maine trial court, is valid regardless of any infirmities in the first. We fail to comprehend, therefore, how a suit to discharge the first lien can be deemed to satisfy the statutory requirement for a request to discharge the second lien.

[9] The testimony of Attorney John Slane, Jr., follows:

"DIRECT EXAMINATION BY MR. SHERWOOD:

"Q. Mr. Slane, you are the attorney for Northeast Dredging?

did not, however, introduce the letter into evidence or otherwise satisfy with unambiguous proof his burden of disclosing the contents of the letter.

Considering the paucity of evidence presented to the trial court on the issue, we cannot find that the court was clearly erroneous in reaching its determination. See Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The evidence demonstrated only that a letter, the terms of which are not clearly established, had been sent to the lienor's attorney and not to the lienor. Unlike many of our statutes which expressly provide in the alternative for notice to either the attorney or the party he represents in analogous statutory proceedings; see General Statutes § 52-306 (notice of application to dissolve attachment); General Statutes § 52-284 (attachment against nonresident); § 49-51 specifies that written notice be given "to the lienor at his last known address." Moreover, there was no evidence presented that the letter was sent by registered or certified mail. The court was not obliged to find as a matter of law that the plaintiff had established sufficient facts to meet its burden of proof on the issue of notice.

There is no error.

---

"A. I am not.

"Q. Were you the attorney in May of 1980?

"A. Yes, I was.

"Q. Did you receive any notification from me, after the lien was filed, requesting that it be removed?

"A. Which lien are you talking about?

"Q. The first lien.

"A. The first lien, yes, I do recall receiving a letter from you.

"Q. And did you in fact, as a result of this, remove the lien or release it?

"A. No, I didn't."