PASQUALE PISTORIO *v.* METRO
PRODUCTIONS, INC., ET AL.

LEONARD BODELL *v.* METRO
PRODUCTIONS, INC., ET AL.
(5830)

SPALLONE, DALY and NORCOTT, Js.

Argued March 9—decision released April 19, 1988

---

*Louis I. Parley,* for the appellant (defendant Jeanne Smith).

*Paul C. Webster,* with whom, on the brief, was *Roy B. Bradrick,* for the appellee (plaintiff in the first case).

PER CURIAM. This is an appeal from the denial of a motion to discharge a judgment lien filed as a result of an Arizona judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. General Statutes § 52-605. This action is distinguishable from an action to discharge an invalid lien under General Statutes § 49-51[1] which entails the institution of an independent action, the denial of which would be appealable. *Guilford Yacht Club Assn., Inc.* v. *Northeast Dredging, Inc.,* 192 Conn. 10, 468 A.2d 1235 (1984).

"In both criminal and civil cases, however, we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect

[1] General Statutes § 49-51 provides in relevant part: "DISCHARGE OF INVALID LIEN. (a) Any person having an interest in any real or personal property described in any certified lien, which lien is invalid but not discharged of record, may give written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien. Upon receipt of such notice, the lienor shall discharge the lien by sending a release sufficient under section 52-380d, by first class mail, postage prepaid, to the person requesting the discharge. If the lien is not discharged within thirty days of the notice, that person may apply to the superior court for such a discharge, and the court may adjudge the validity or invalidity of the lien and may award the plaintiff damages for the failure of the defendant to make discharge upon request."

them. *State* v. *Bell,* 179 Conn. 98, 99, 425 A.2d 574 (1979)." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). The order, in this action, denying the defendant Jeanne Smith's motion to discharge the judgment lien is interlocutory and does not appear to satisfy either prong of the *Curcio* test. This appeal was not from a final judgment.

The appeal is dismissed suo sponte.