[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SETOFF
Plaintiff Paine, Webber, Jackson and Curtis, Inc. requests this Court to devalue an award made to defendant Geoffrey J. Winters on his counterclaim. An award was made to each side in this case after a jury answered interrogatories. Each award was recorded in separate and distinct judgment files which were prepared prior to an appeal to the Appellate Court. I have denied the plaintiff's request for a setoff.
Paine Webber commenced this case by suing Geoffrey CT Page 2729 Winters for sums due on promissory notes. Winters counter-claimed seeking, among other relief, damages for defamation. In response to interrogatories, a jury found in favor of Paine Webber on the complaint and awarded it $440,000.00. The jury found in favor of Winters on various counts of his counterclaim and awarded him $440,000.18. The final disposition after the trial was an award to defendant Winters of eighteen cents. Neither judgment file, standing alone, reports this disposition.
After the trial, Paine Webber argued that it was entitled to prejudgment interest under 52-192a of the General Statutes on the theory its award exceeded an offer of judgment it made for $295,000.00. The trial court (Harrigan, J.) denied the motion. The Appellate Court remanded the case to the trial court with direction to award prejudgment interest. Paine Webber Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640
(1990). A petition for certification is pending before the Supreme Court. Recently, Paine Webber filed in this court a motion seeking interest of $244,758.80 under 52-192a. Paine Webber proposes to setoff the countervailing awards and to collect the prejudgment interest.
The resolution of the plaintiff's request for a setoff will affect the conceptual basis on which a claim for legal fees is being made by the law firm which represents the defendant. The defendant is represented by the law firm of Chapman, Moran, Hubbard Zimmerman. The firm opposes the motion for setoff. The firm has a charging lien upon any judgment received by Winters. See Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 644 (1987). The firm and the defendant entered into a fee arrangement providing for the payment by Winters of all disbursements and forty percent of any recovery. The disbursements amount to $29,419.19. The firm claims it is entitled to the disbursements plus forty percent of $440,000.18 for a total claim of $205,419.20. This claim of course is based on the theory that there are two judgments and two recoveries. In order to provide a mechanism to collect the fee, the law firm contends that Paine Webber must pay Winters $440,000.18 and that Winters must pay Paine Webber $440,000.00. This payment process will give the law firm the opportunity to collect its fee as the $440,000.18 is paid by Paine Webber to Winters. If the awards are setoff, the firm will lose the theoretical underpinnings for its fee claim as well as a means for collection.
The setoff issue also affects claims which the plaintiff and the firm of Chapman, Moran, Hubbard Zimmerman are making to a fund which is to be disbursed in a foreclosure case involving property which was owned by Winters. The case is CT Page 2730 captioned Connecticut Bank Trust Company, N.A. v. Geoffrey J. Winters, et al (Superior Court, Judicial District of Bridgeport, Docket No. CV88-0255665S). After Winters' property was sold by order of the court, Paine Webber claimed it was entitled to receive $440,000.00 of the sale proceeds to the prejudice of other creditors. Paine Webber argued in the foreclosure case that its judgment lien had matured into a final judgment in its favor for $440,000.00 despite the fact it had appealed the other "judgment" in favor of Winters. In its brief filed in the foreclosure case, Paine Webber forcefully argued that the awards for $440,000.00 and $440,000.18 could not be setoff under either statutory or equitable procedures. At the request of the other creditors, the distribution process was stayed pending the outcome of the appeal filed by Paine Webber.
The law firm of Chapman, Moran, Hubbard Zimmerman has attempted to intervene in the foreclosure case so that it can oppose efforts by the creditors to have the court apply therein equitable principles of setoff to the awards made in this case. The law firm claims that it has a lien which is superior to the interests of the creditors who are parties in the foreclosure case.
On the day the Appellate Court issued its decision, Paine Webber filed in this Court a complaint for setoff and a motion for setoff. The complaint is based on General Statute 52-141. The motion is based on equitable principles. Neither request for relief is appropriate.
The plaintiff cannot avail itself of the provisions of52-141 for two reasons. First, it did not file a complaint within twenty-four hours after final judgment. Such timely action is required by subsection (4) of 52-141. Second, section 52-141 is not applicable to these post-trial proceedings. The precursor to 52-141 was enacted because our rules restrict the range of permissible counterclaims. Stephenson, Conn. Civ. Proc. (2d Ed.) 222. A defendant cannot plead a debt as a setoff in an action in tort. Section 52-141
allows a defendant to setoff a debt against a tort award. The statute does not apply where the issues raised by the setoff were pled and determined in the law suit. Here, the defendant successfully interjected his tort claim into the plaintiff's law suit. The issues relating to the claims have been determined.
The plaintiff's motion for equitable setoff cannot be interposed at this stage of the proceedings. Such claims must be affirmatively and adequately alleged in the pleadings. See Colonial Bank Trust Co. v. Matoff, 18 Conn. App. 20, 29
CT Page 2731 (1989); P.B. 168. The time to file an answer elapsed long ago.
At this time, it would be fundamentally unfair to grant the plaintiff's request for a setoff. The Appellate Court has directed the trial court to award interest to the plaintiff on the theory the plaintiff has received a judgment in its favor providing for an ultimate recovery in excess of the offer of judgment which it made earlier in the proceedings. If the awards had been setoff at trial and one judgment rendered in favor of the defendant for eighteen cents, the plaintiff's claim for prejudgment interest might have been viewed in a different light by the trial court and the Appellate Court.
The plaintiff is not without recourse. It is possible the two judgment files do not correctly reflect the trial court's final adjudication. The plaintiff may move to correct the judgment file. Whether the trial court still retains the power to correct the judgment file is another issue for another time.
The parties created a procedural morass by submitting two different judgment files to the clerk. The existence of two different judgment files in one case is an anomaly. One judgment file in this case indicates the plaintiff was awarded $440,000.00. This document, like any judgment file, can be used to support an action on a judgment in a sister state. The document could also be used in a proceeding brought pursuant to the Uniform Enforcement of Foreign Judgment Acts. See General Statutes 52-604 et seq.
The other document indicates that the defendant was awarded $440,000.18. This judgment file was signed by a clerk and is also an official document. Since the document appears to be complete in itself, it could be used in a collection proceeding brought by the defendant anywhere in the United States. Conceivably, the defendant could initiate a collection proceeding in a foreign state while the plaintiff endeavors to collect its judgment in Bridgeport, Connecticut. The observation that the purported judgment files could be used in various collection proceedings is relevant since the parties have in fact been attempting to use the documents to collect substantial sums in a foreclosure proceeding.
In preparing two judgment files, the parties erred by not recognizing the legal effect of a counterclaim. "A counterclaim is a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 sup.) 129b; Home Oil Company Co. v. CT Page 2732 Todd, 195 Conn. 33, 341 (1985); Muville v. Brown,9 Conn. Sup. 387, 390 (1941) "Where a setoff or counterclaim is pleaded, it becomes part of a single controversy between the parties, requiring only one verdict and one judgment according to the facts." 20 Am. Jur.2d, Counterclaim, 156. "The proper practice is to enter a single judgment for the net balance of countervailing awards between a plaintiff and a counter-claimant." First National Bank of Meeker v. Theos,794 P.2d 1055, 1060 (Colo.App. 1990); See also Block v. Yates, 68 A.2d 898 (D.C. Mun. Ct. of App. 1949) (net judgment entered despite claim of an attorney for a charging lien); Tri-County Grain Terminal Co. v. Swift Company, 118 Ill. App.2d 313,254 N.E.2d 311, 316 (1970); C.N. Brown Co. v. Gillen, 569 A.2d 1206, 1216 (Me. 1990); Guilford Yacht Club Association, Inc. v. Northeast Dredging, Inc., 438 A.2d 478,479, N. 1 (Me 1981); Guilford Yacht Club Association, Inc. v. Northeast Dredging, Inc., 192 Conn. 10, 11, N. 5,468 A.2d 1235, 1236, N. 5 (1984) (connected case wherein Maine procedure noted).
Neither judgment file completely records the final determination of the parties rights with respect to the complaint and counterclaim, which was an award to the defendant of eighteen cents. A judgment file should clearly report the judgment. "A final judgment is the adjudication which finally disposes of the case before the court." State v. Moore,158 Conn. 461, 463 (1969). It is "the final consideration and determination by the court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding." Ballentine's Law Dictionary (3rd Ed. 1969). "A judgment-file consists of three distinct parts, each required for a different purpose. The first shows how the court acquired jurisdiction to pass judgment, and what issues were presented for determination. The second shows what determination of those issues was made. The third shows what adjudication was made by reason of such determination." Nowsky v. Siedlecki, 83 Conn. 109, 117 (1910); State v. Moore, supra at 463. "If the issues are not all found in favor of one of the parties, and a special finding is requested, such special finding should be made part of the record." Billings v. McKenzie, 87 Conn. 608, 617 (1914).
The plaintiff misreads 52-225 of the General Statutes when it quotes the statute for the proposition that a judgment should be entered on each verdict. The statute speaks in terms of a single judgment even though there may be multiple verdicts. The judgment file should have been prepared in accordance with the format set out in Practice Book Forms 107.3, 107.6, and 107.10. The forms, which are an aid to the bar, indicate one judgment file would have been appropriate. CT Page 2733
The plaintiff's complaint and motion for setoff are denied.
GEORGE N. THIM, JUDGE