THOMAS ACKERSON *v.* CARMINE S. STRAMAGLIA
(14520)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and KATZ, Js.

Argued February 8—decision released March 23, 1993

*Robert L. Fisher, Jr.,* for the appellant (defendant).

*Thomas Ackerson,* pro se, the appellee (plaintiff).

PER CURIAM. The dispositive issue in this appeal is the immediate appealability of a trial court's denial of a motion to dissolve a judgment lien. The defendant, Carmine S. Stramaglia, moved the trial court to dissolve a judgment lien on his Torrington real estate that

had been obtained by the plaintiff, Thomas Ackerson, pursuant to the Uniform Enforcement of Foreign Judgments Act. General Statutes § 52-605. The trial court denied the motion. The defendant appealed to the Appellate Court and we transferred his appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). Because we conclude that the trial court's order is not a final judgment, we dismiss the appeal.

The relevant facts are undisputed. In 1983, the plaintiff obtained a default judgment in New York against the defendant and Pace Communications Corporation in the amount of $474,747.55, including interest and costs. On the basis of this judgment, on August 24, 1987, the plaintiff recorded a judgment lien in the Torrington land records on property owned by the defendant. Thereafter, on October 5, 1987, the plaintiff brought an action to foreclose this judgment lien. Other than obtaining an order of notice to serve the defendant at his residence in New Jersey, the plaintiff did not actively pursue this cause of action.

On October 22, 1991, the Supreme Court of the state of New York, Appellate Division, vacated the New York judgment. *Ackerson* v. *Stragmaglia,* 176 App. Div. 2d 602, 575 N.Y.S.2d 44 (1991). The Appellate Division found that the defendants in that action had not been notified of the default judgment and had been represented by a New York attorney who had failed to pursue their interests and had concealed the fact of his disbarment. The court therefore granted the defendants' motion to vacate "to the extent of permitting a trial on the merits, while permitting the judgment to stand as security pending final disposition of the action."

As a result of the decision of the Appellate Division, from which no further appeal has been taken, the

defendant moved in the trial court to dissolve the judgment lien involved in this case. He seeks appellate review of the trial court's denial of the motion to dissolve.

The jurisdiction of Connecticut appellate courts is limited, with statutory exceptions that are not presently relevant, to decisions of the trial court that constitute final judgments. General Statutes §§ 51-197a, 51-199 and 52-263; see also Practice Book § 4000; *Madigan* v. *Madigan,* 224 Conn. 749, 752, 620 A.2d 1276 (1993). We have no authority to address the merits of the defendant's appeal unless his appeal is properly before us at this juncture.

Whether the denial of a motion to dissolve a judgment lien is a final judgment for the purposes of an immediate appeal is a question of first impression for this court. The Appellate Court has, however, decided this question adversely to the defendant. *Pistorio* v. *Metro Productions, Inc.,* 14 Conn. App. 157, 158-59, 540 A.2d 111 (1988). We agree with the Appellate Court that such an appeal must be dismissed for lack of a final judgment.

The proper framework for analysis of the appealability of arguably interlocutory orders of the trial court is to be found in the standard articulated in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983). *Curcio* lays down a two part test that permits an immediate appeal only "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31.

The denial of a motion to dissolve a judgment lien does not terminate a separate and distinct proceeding. It is true that the defendant might have instituted an independent action to discharge the allegedly invalid lien under General Statutes § 49-51, and a denial of

relief in such an action would have been appealable. *Guilford Yacht Club Assn., Inc.* v. *Northeast Dredging, Inc.,* 192 Conn. 10, 13–14, 468 A.2d 1235 (1984). As we have recently held, however, in *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 768–71, 613 A.2d 1320 (1992), the availability of an independent action permitting an immediate appeal does not make immediately appealable a similar but interlocutory order in an ongoing action.

The denial of the defendant's motion similarly does not conclude his rights to subsequent plenary relief. Before the Superior Court in Connecticut renders a final judgment in the plaintiff's foreclosure action, it will have the opportunity to consider the full panoply of issues raised by the judgment of the Appellate Division of the Supreme Court of New York and its aftermath. If the defendant is still aggrieved, he will then be entitled to plenary appellate review of all of his claims. The availability of a plenary review at a later time bars an immediate appeal even if there is a constitutional question, pursuant to *Connecticut* v. *Doehr,* 501 U.S. 1, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991), about the validity of a judgment lien arising out of a foreign judgment characterized by the foreign court "as security pending final disposition of the action." See *State* v. *Grotton,* 180 Conn. 290, 429 A.2d 871 (1980) (no immediate appeal of constitutional challenge to a search and seizure).

The appeal is dismissed.