[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NEW HAVEN SAVINGS BANK'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
On December 10, 1992, the plaintiff, Country Lumber Inc., filed a two-count complaint against the defendants, New Haven Savings Bank ("the Bank") and Fidelity and Deposit Company of Maryland. In the first count, the plaintiff alleges that the wording of a bond, substituted by the Bank for the plaintiff's mechanic's lien on certain Waterbury property, is improper and contrary to statutory authority. The plaintiff asks the court to "reform" the bond so that it will not require the plaintiff to prove the priority of its mechanic's lien. The bond and the lien are attached to the complaint as exhibits A and B respectively.
In the second count, the plaintiff alleges that its mechanic's lien, in the amount of $77,265.76, is valid and that the defendants, are required to pay the plaintiff the amount due. Accordingly, the plaintiff requests a judgment on the bond.
On March 16, 1993, the Bank, filed an amended answer and special defenses. In its special defense to count one the Bank alleges the plaintiff's action is barred by the doctrines of res judicata and collateral estoppel. In its special defense to count two the Bank alleges that its interest in the subject property is CT Page 2279 prior in right to the plaintiff's lien.
On August 17, 1993, the Bank moved for summary judgment on both counts of the plaintiff's complaint. The defendant filed a memorandum of law in support of its motion with certified exhibits.
On September 24, 1993, the plaintiff filed a memorandum of law in opposition to the Bank's motion for summary judgment and four exhibits which were not properly certified in accordance with Practice Book 381. Because the Bank has not objected to the fact that the exhibits are uncertified the court will consider the exhibits in the form provided.
Oral argument on the defendants' motion originally was heard on November 28, 1992. Re-argument on the motion was heard, at the court's request, on February 28, 1994.
LEGAL DISCUSSION
The purpose of summary judgment is to determine if the pleadings and affidavits "`show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 197, 319 A.2d 403 (1972). "Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned that a full dress trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,375, 260 A.2d 596 (1969). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 535 A.2d 793 (1988). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving [such] a claim." (Citation omitted.). Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 712, ___ A.2d ___ (1993).
The Bank argues that summary judgment should be granted in its favor on both counts because there are no genuine issues of material fact. The Bank argues that the plaintiff's first count is barred by res judicata and collateral estoppel because the wording of the bond was litigated in the bond substitution action. The Bank argues also that summary judgment should be granted on count two because as a matter of law the Bank's interest is prior in right to the plaintiff's interest. CT Page 2280
The plaintiff argues that the doctrines of res judicata and collateral estoppel do not apply because the main foreclosure action (where the separate action to substitute the bond occurred) was withdrawn as to the plaintiff, therefore there was not a final judgment. (Plaintiff's Exhibit 3). Further, the plaintiff argues that there is no statutory provision to appeal the substitution of the bond.
In the instant case, the plaintiff and the defendant agree that if summary judgment for the defendant is granted on the First Count of the Complaint (reformation of the bond), no issue remains as to the Second Count and, therefore, summary judgment should be granted on the Second Count as well.
A. Summary Judgment as to the First Count
Res judicata prohibits "pursuit of any claims relating to the cause of action which were actually made or might have been made. . . ." Scalzo v. Danbury, 224 Conn. 124, 128, 617 A.2d 440
(1992). "In contrast, [collateral estoppel] prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Id. Further, both res judicata and collateral estoppel require that there be a valid final judgment. Zieger v. Village Brook Plaza Limited Partnership,224 Conn. 543, 545-46, 620 A.2d 440 (1993).
1. Res Judicata
In Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co.,183 Conn. 108, 438 A.2d 834 (1981), the court heard and decided an appeal from the trial court's granting of a substitution of a bond for a mechanic's lien brought pursuant to General Statutes 49-37. In the present case the plaintiff contests the validity of a bond which was also substituted pursuant to 49-37. The plaintiff in Raab, contested the bond which was substituted for its mechanic's lien on the grounds that there was a prior pending action and that Fisher, the defendant, was not a "person interested," under49-37. Id. The court determined that the prior pending action doctrine did not apply, that the defendant was a "person interested," and that the trial court did not err in substituting the bond. Id.
"The jurisdiction of Connecticut appellate courts is limited, with statutory exceptions . . . to decisions of the trial court that CT Page 2281 constitute final judgments." Ackerson v. Stramaglia, 225 Conn. 102,104, 621 A.2d 1315 (1993). The test which is used to determine whether an "arguably interlocutory" order of the trial court is a final judgment is "(1) [whether] the order or action terminates a separate and distinct proceeding, or (2) [whether] the order or action so concludes the rights or the parties that further proceedings cannot affect them." Ackerson v. Stramaglia, supra, citing State v. Curcio, 191 Conn. 27, 463 A.2d 566 (1983).
 The `separate and distinct' requirement of Curcio demands that the proceeding which spawned the appeal be independent of the main action. See Potter v. Appleby, 136 Conn. 641, 643, 73 A.2d 819
(1950) (application to dissolve an attachment, `while it is ancillary to the main action for damages . . . is distinct from and independent of that action,' and an order issued thereon `would be a final judgment from which an appeal could be taken.'); Wardell v. Killingly, 96 Conn. 718, 722, 115 A. 539 (1921) (denial of applications for orders of mandamus, in a pending action, are appealable final judgments because "the applications are independent actions, they are not merely ancillary to the main action."); Sachs v. Nussenbaum, 92 Conn. 682, 685-86, 104 A. 393
(1918) (order dissolving an attachment was appealable final judgment because "[t]he proceedings . . . were . . . not only in fact and form, but also of necessity, entirely independent of that action and not incidental to it. . . . The order could not be regarded as in any sense an interlocutory one made in progress of the pending suit. That progress was not concerned with nor in any way affected by it.") This means that the "separate and distinct proceeding," though related to the central cause, must be severable therefrom. The question to be asked is whether the main action could proceed independent of the ancillary proceeding.
State v. Parker, 194 Conn. 650, 654, 485 A.2d 139 (1984).
Applying that standard to the present case, the main action of foreclosure could proceed independently of the ancillary action to substitute a bond for the mechanic's lien. Because the bond was CT Page 2282 substituted for the plaintiff's interest in the property and finally determined by the Waterbury trial court, it is irrelevant that the foreclosure action was withdrawn as to the plaintiff. Therefore, res judicata bars the claim to reform the bond.
2. Collateral estoppel
"For an issue to be subject to collateral estoppel it must be fully and fairly litigated in the first action." (Citation omitted.) Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243
(1988). "It also must have been actually decided and the decision must have been necessary to the judgment." (Citation omitted.) Id.
The transcript of the bond substitution action in Superior Court, Waterbury, reveals that there was a lengthy, detailed, discussion regarding the wording of the bond. (Defendant's Exhibit F). The court, Blue, J., asked numerous questions regarding the propriety of the wording of the bond. Id. After hearing considerable argument, the court stated, "I've been convinced that the motion for the dissolution of [the] mechanic's lien upon substitution of security bond should be granted and the defendants may have an exception." Because the court in the bond substitution action heard extensive argument on the issue of the wording of the bond, both parties fully and fairly litigated that issue. The issue of whether the wording of the bond was proper was finally decided and was necessary to the action for substitution of the bond. Thus, the principle of collateral estoppel also bars the action.
Since res judicata and collateral estoppel bar the action to reform the bond, there is no genuine issue of material fact as to the First Count. The Bank's motion for summary judgment will be granted as to the First Count.
B. Summary Judgment as to the Second Count
"In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law." (Citation omitted.) H.G. Bass Associates v. Ethan Allen, Inc., 26 Conn. App. 426, 429, 601 A.2d 1040 (1992). "General Statutes 49-37 governs the dissolution of a mechanic's lien by substitution of a bond and for the joinder of actions on a claim and a bond." Tedford v. 1718 Boston Post Road Ltd., Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. CV91036383S (January 14, 1993, Curran J.). "The legislative intent CT Page 2283 in enacting 49-37 (a) was to enable the owner or any person `interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so." Henry F. Raab Connecticut, Inc. v. J.W. Fisher, supra, 115; Six Carpenters Inc. v. Beach Carpenters Corporation,172 Conn. 1, 6, 372 A.2d 123 (1976).
In the present case, in the Second Count of the Complaint, the plaintiff alleges that its mechanic's lien is valid and that the defendants are required to pay the plaintiff the amount due. However, the plaintiff and the defendant agreed at oral argument on February 28, 1994, that the Second Count of this Complaint contains no issue of material fact as to the validity of the mechanic's lien unless the bond is reformed in accordance with the First Count. Since summary judgment for the defendant is being granted as to the First Count, it follows that summary judgment for the defendant also must be granted on the Second Count.
CONCLUSION
For the foregoing reasons, the defendant New Haven Savings Bank's Motion For Summary Judgment is granted.
So ordered.
Michael Hartmere, Judge