[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Donald Ghent (Ghent), filed a petition for discharge of lis pendens and damages dated November 8, 2001, against the defendants Meadowhaven Condominium, Inc. (Meadowhaven), and Eugene Melchionne CT Page 14905 (Melchionne). The petition alleges the following. Meadowhaven, through its Attorney Melchionne,[1] filed a foreclosure action against Ghent. As a result of the foreclosure action, a notice of lis pendens was filed on Ghent's property with the Waterbury town clerks office. The debt in connection with the foreclosure action was paid in full and a satisfaction of judgment was received on or about October 19, 1997. Ghent, through his attorney, contacted Melchionne in writing regarding a release of the lis pendens. The defendants failed to deliver the release within sixty day time period set out in General Statutes § 49-8.[2]
The sixty day period expired on December 19, 1997, and more than fifty four weeks have passed since the expiration of that statutory deliver period. Hence, Ghent seeks a judgment pursuant to General Statutes §49-13[3] declaring the lis pendens null, void, and invalid and seeks damages pursuant to § 49-8 (c).
On January 29, 2001, the defendant, Melchionne, filed a motion for summary judgment arguing that Ghent created his own damages because he failed to file a certified copy of the satisfaction of judgment with the town clerk pursuant to General Statutes § 49-21.[4] On June 7, 2001, the court entered a partial judgment granting the motion for summary judgment as to Melchionne only. This court, in its memorandum of decision, held that Ghent was not entitled to damages pursuant to §49-8 or a discharge of the lis pendens pursuant to § 49-13 because he did not comply with the requirements of General Statutes § 49-21. This court noted the following. With regard to the prior foreclosure action, Melchionne, on behalf of Meadowhaven, delivered a certificate of satisfaction of judgment to Ghent and filed it with the clerk of the court. Ghent failed to take the next statutory prescribed step pursuant to § 49-13 which required him to file a certified copy of the judgment and the certificate of satisfaction of judgment on the land records. If Ghent properly recorded a certificate of satisfaction of judgment on the land records, "it would relate back to the original lis pendens and would provide notice that the proper y is free of the subject lien. The statutory purpose of providing notice of the status of claims relating to the subject property would have been served had he [plaintiff] followed the procedure set out in § 49-21. . . . As a matter of law, therefore, the [plaintiff is] not entitled to damages pursuant to § 49-8 or a discharge of the lis pendens pursuant to § 49-13. To hold otherwise would be to promote form over substance, a practice not adhered to by our courts. . . ." (Citations omitted.) Ghentv. Meadowhaven, Superior Court, judicial district of Waterbury, Docket Nos. 162387, 162388, 162389, 162390, 162391 (June 5, 2001, West, J.)
On March 29, 2001, the defendant, Meadowhaven, filed a motion to dismiss Ghent's complaint and a supporting memorandum of law. On April 19, 2001, Ghent filed a memorandum in opposition to Meadowhaven's motion CT Page 14906 to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.' (Internal quotation marks omitted.) Lawrence Brunoli,Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995) "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . ." (Internal quotation marks omitted.) Federal Deposit Ins.Corp. v. Crystal, 251 Conn. 748, 763, 741 A.2d 956 (1999). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243
(1996).
Meadowhaven argues that Ghent's failure to send a proper demand for release of the lis pendens deprives the court of subject matter jurisdiction. Specifically, it argues that plaintiff's attorney sent a letter to Melchionne indicating that he had a "feeling" that releases may be necessary. Meadowhaven argues that expressing a "feeling" that release. may be necessary does not constitute a demand or request for release of the lis pendens. Hence, Meadowhaven argues that Ghent "failed to give sufficient notice to trigger the operation of . . . General Statutes § 49-8." Furthermore, Meadowhaven argues that the letter to Melchionne fails to indicate that the lis pendens is invalid, fails to cite § 49-8, and fails to give notice of any future damage claims.
In opposition to Meadowhaven's motion to dismiss, Ghent argues that the statutory requirements to invoke the remedies contained in § 49-8
have been satisfied in that a written request was sent to Meichionne seeking to have him prepare, execute and deliver a release of the lis pendens. Ghent further maintains that Meichionne did receive the request and failed to provide the requested release and that the legislature has not prescribed any particular form of notice for invoking the provisions of § 49-8. Specifically, Ghent argues that the legislature does not require the written request to state that the lis pendens is invalid, does not require a reference to § 49-8, and does not require a notice of any future damage claim. In addition, Ghent argues that its letter did CT Page 14907 not seek or require Attorney Melchionne to say or do anything other than prepare and deliver releases.
Although no Supreme Court case has been found that specifically relates to the implication of subject matter jurisdiction for failure to comply with the requirements of § 49-8 our Supreme Court has addressed the implication of subject matter jurisdiction for failure to comply with the requirements of a similar statute, General Statutes § 49-51.[5]
Both § 49-8 and § 49-51 require a prescribed form of notice to trigger operation. In Guilford Yacht Club Assn. v. Northeast Dredging,Inc., 192 Conn. 10, 13, 468 A.2d 1235 (1984), the court held that "[n]ot unlike the dissolution of an attachment, the discharge of a lien is a statutory proceeding. . . . The statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given. . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter and not over the parties. D'Andrea v. Rende, 123 Conn. 377, 380, 195 A. 741 (1937). The essential condition of an action under General Statutes § 49-51 is written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien in the office where recorded." (Emphasis in original; internal quotation marks omitted.) Guilford Yacht ClubAssn. v. Northeast Dredging, supra, 192 Conn. 13. The court also held that a plaintiff, as the moving party, has the burden of establishing compliance with the statutory requirements. Id.
In Jastroch v. Chase Manhattan Bank, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351712 (March 30, 2000,Mottolese, J.), the plaintiff did not comply with the statutory requirements of § 49-8 because she did not send her written request for release by registered or certified mail. The court found a "remarkable similarity of purpose and procedural requirements" between § 49-51 and § 49-8. Hence, the court held that the Supreme Court's analysis of § 49-51 in D'Andrea is controlling as to §49-8. Therefore, because the plaintiff did not comply with the statutory requirements of § 49-8, the court held that it did not have jurisdiction to entertain the statutory proceeding.
In the present case, Ghent, as the moving party, has the burden of establishing that the statutory requirements of § 49-8 have been met. Because Ghent does not satisfy the statutory requirements of §49-8, this court is without jurisdiction to entertain Ghent's claim. Its letter to Melchionne, which expressed the "feeling" that Melchionne needed to prepare a release and called for a prompt response, does not amount to a request for a release of the lis pendens. While Ghent CT Page 14908 contends that "feeling" is defined as an "opinion," a request is actually "the act or instance of asking for something;" it is a demand. Merriam-Webster's Collegiate Dictionary (10th Ed. 1993). Plantiff's opinion that it was necessary for Melchionne to prepare a release is not an actual request for a release. Our Supreme Court has held that "[w]here a party seeks the benefit of a statute requiring a prescribed form of notice to trigger its operation, we have insisted upon strict compliance with the statutory requirement." Pacelli Bros. Trans., Inc. v. Pacelli,189 Conn. 401, 414, 456 A.2d 325 (1983). The opinion that a release is necessary does not constitute a demand for release. A "prompt response" to plaintiff's letter could have included a phone call or letter from Melchionne expressing his "feeling" or "opinion" as to whether it was necessary for him to prepare a release. Ghent has not shown strict compliance with he requirements of § 49-8. Hence, the conditions of § 49-8 have not been satisfied and this court is without jurisdiction to entertain Ghent's claim.
Ghent also seeks a judgment declaring the lis pendens null, void, and invalid. Like § 49-8, if the requrements of § 49-13 are not satisfied, the court is without jurisdiction to proceed in favor of the plaintiff. Gordon v. Tufano, 188 Conn. 477, 483-84, 450 A.2d 852 (1982). General Statutes § 49-13 sets forth conditions under which relief may be given and provides that where a lis pendens has become of no effect, the property owner may bring a petition to she Superior Court claiming a judgment declaring the lis pendens invalid. This court, however, has not found that the lis pendens is of no effect. In its memorandum of decision regarding Melchionne's motion for summary judgment, this court did not declare the lis pendens to be invalid because Ghent failed to record a certified copy of the judgment and satisfaction of judgment on the land records pursuant to § 49-21. The filing of certificate of satisfaction of judgment would relate back to the original lis pendens and would provide notice that the property is free of the subject lien therefore, invalidating the lis pendens. Consequently, the conditions of § 49-13 have not been met and this court is without jurisdiction to proceed in favor of the plaintiff.
According, the court grants the motion to dismiss for lack of jurisdiction over the subject matter.
THOMAS G. WEST