ELEANOR DUGAN v. WILLIAM MILLEDGE
(12520)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued May 2—decision released July 2, 1985

*Sheryl J. Sha'afi,* for the appellant (plaintiff).

*Michael F. Romano,* for the appellee (defendant).

DANNEHY, J. This is an action by a tenant against a landlord pursuant to Public Acts 1983, No. 83-510 (General Statutes § 47a-14h).[1] The trial court, *A. Aronson, J.,* sua sponte, dismissed the action for want of jurisdiction of the subject matter. The plaintiff has appealed.

The 1983 act begins with a provision that any tenant residing at property located in the judicial district of Hartford-New Britain, who claims that his landlord has failed to perform his legal duties, as required by

---

[1] Public Acts 1983, No. 83-510, provides in pertinent part: "AN ACT CONCERNING HOUSING CODE ENFORCEMENT BY INDIVIDUAL TENANTS.

"Section 1. (NEW) Any tenant residing at property located in the judicial district of Hartford-New Britain, who claims that his landlord has failed to perform his legal duties, as required by section 47a-7 of the general statutes, may, between January 1, 1984 and June 30, 1985, inclusive, institute an action in the superior court for such judicial district to obtain the relief authorized by this act.

"Sec. 2. (NEW) (a) The action shall be instituted by filing a complaint, under oath, with the clerk of the court. The complaint shall allege (1) the name of the tenant; (2) the name of the landlord; (3) the address of the premises; (4) the nature of the alleged violation of section 47a-7 of the general statutes; and (5) the dates when rent is due under the rental agreement and the amount due on such dates. The complaint shall also allege that at least five days prior to the date on which the complaint is filed, the tenant made a complaint concerning the premises to the municipal agency, in the municipality where the premises are located responsible for enforcement of the housing code or, if no housing code exists, of the public health code. The entry fee shall be twenty-five dollars. No recognizance or bond shall be required.

"(b) Upon receipt of the complaint, the clerk shall promptly set the matter down for hearing to be held not more than fourteen days after the filing of the complaint, and shall cause a copy of the complaint and the notice of hearing to be sent separately by certified mail, return receipt requested, to (1) each landlord named in the complaint and (2) the director of the municipal agency in the municipality where the premises are located responsible for enforcement of the housing code or, if no housing code exists, of the public health code."

§ 47a-7 of the General Statutes, may, between January 1, 1984, and June 30, 1985, inclusive, institute an action in the Superior Court for such judicial district to obtain the relief authorized by the act. Section 2 of the act permits the tenant to institute the action by filing a complaint, under oath, with the clerk of the court. This section requires that the complaint shall allege: (1) the name of the tenant; (2) the name of the landlord; (3) the address of the premises; (4) the nature of the alleged violation of § 47a-7 of the General Statutes; and (5) the dates when rent is due under the rental agreement and the amount due on such dates. In addition, § 2 specifically requires that the complaint shall also allege that, at least five days prior to the date on which the complaint is filed, the tenant made a complaint concerning the premises to the municipal agency, in the municipality where the premises are located, responsible for the enforcement of the housing code or, if no housing code exists, of the public health code.

On April 6, 1984, the plaintiff filed her complaint in the Superior Court for the judicial district of Hartford-New Britain. The complaint alleged that the plaintiff (tenant) and the defendant (landlord) had entered into an oral lease for an apartment on Blue Hills Avenue in Hartford. The lease was for a term of one month, at an agreed monthly rental, payable on the first day of the month. General Statutes § 47a-3d. The plaintiff averred that the defendant was in violation of his statutory responsibility to put and keep her apartment in a fit and habitable condition. The complaint also alleged that on February 8, 1984, the plaintiff made a complaint about the premises to the Hartford fair rent commission, and that this was at least five days before filing the action. The plaintiff did not and does not allege that the fair rent commission is the municipal agency responsible for enforcement of the housing code.

The matter was set down for hearing on April 23, 1984. The defendant did not appear. The position the trial court took on the matter, however, is disclosed in a colloquy between the court and counsel in connection with the allegations of the complaint. The trial judge properly observed that the complaint did not conform to the requirements of the act under which the action was instituted. He pointedly stated that the plaintiff, without apparent reason or excuse, failed to allege that she had made a complaint concerning the premises to the municipal agency in Hartford responsible for enforcement of the housing code at least five days prior to the date on which her complaint was filed. He inquired whether, upon the allegations of the complaint, the plaintiff could maintain an action under Public Acts 1983, No. 83-510. At the request of the plaintiff, the case was continued for one week. The next day, April 24, 1984, the plaintiff amended her complaint to allege that on April 23, 1984, she made a complaint about the premises to the bureau of housing code enforcement of the city of Hartford. Upon the foregoing, which were all the facts material to the question of jurisdiction upon the complaint, the trial judge rendered judgment dismissing the action. The single question raised is whether the plaintiff can maintain this action despite her failure to make the complaint concerning the premises to the proper agency within the time allowed by Public Acts 1983, No. 83-510.

The title and stated purpose of Public Acts 1983, No. 83-510, show that the legislature deliberately intended to create a simple cause of action by which a tenant could seek a court order to enforce the housing code. The title of the act is "An Act Concerning Housing Code Enforcement by Individual Tenants" and the pertinent provision reads as follows: "The complaint shall also allege that at least five days prior to the date on which the complaint is filed, the tenant made a com-

plaint concerning the premises to the municipal agency, in the municipality where the premises are located, responsible for enforcement of the housing code or, if no housing code exists, of the public health code." One purpose of this provision is manifest. It is to enable the municipal agency responsible for the enforcement of the housing code to make the necessary investigations to determine the merits of the claim, and if an investigation reveals that the claim is meritorious, to testify for the tenant.

The plaintiff's cause of action was purely statutory. The requirement of notification to the housing code enforcement agency is not directory but mandatory. Compliance with this essential condition was a requisite for the court's jurisdiction. *General Dynamics Corporation* v. *Groton,* 184 Conn. 483, 493, 440 A.2d 185 (1981). A condition precedent to the maintenance of the action required that the plaintiff, at least five days prior to the date on which she filed her complaint, make a complaint to the municipal agency responsible for the enforcement of the housing code. The allegation required by the act was a vital part of the plaintiff's case. It went to the very existence of the action, which, in the absence of compliance with the requirements of the act, does not exist at all. *State* v. *Aetna Casualty & Surety Co.,* 138 Conn. 363, 367, 84 A.2d 683 (1951); *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 A. 98 (1895); see *Guilford Yacht Club Assn., Inc.* v. *Northeast Dredging, Inc.,* 192 Conn. 10, 13, 468 A.2d 1235 (1984).

The plaintiff does not contend that a complaint about the premises to the fair rent commission satisfied the requirements of the act. She claims that her complaint went through routine channels to the bureau of housing code enforcement. Yet she neither amended her complaint to allege timely notice to the correct agency nor adduced evidence that the claimed interagency referral had actually been made. Instead, she chose to

rely on an amended allegation that she had made a complaint to the proper agency seventeen days after the date on which her complaint was filed. The act expressly provides the time in which the complaint concerning the premises shall be made. The time is fixed by the words "at least five days prior to the date on which the complaint is filed." Thus, the condition precedent to an action under Public Acts 1983, No. 83-510, was not satisfied. When the lack of jurisdiction over the subject matter clearly appeared on the face of the record, a judgment of dismissal was properly rendered. The complaint as amended could not be subject to judgment pursuant to Public Acts 1983, No. 83-510.

There is no error.

In this opinion the other judges concurred.