[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter comes before the Court on defendant's motion for summary judgment. The gravamen of the defendant's motion is that the plaintiff failed to provide it with sufficient notice pursuant to Connecticut General Statutes13a-149.
Chronologically, the following occurred:
The plaintiff's amended complaint dated December 12, 1991, alleges that on February 7, 1991, she was injured when she fell off a curb onto a piece of "broken macadam or similar material;" further, that written notice of time, place, damages and cause was given to defendant on April 6, 1991 and again on May 22, 1991 (the latter notice is beyond the ninety-day statutory period).
The notice provided by the plaintiff on April 6, 1991 is as follows:
 "Please be advised that this office represents Ms. Eleanor Deschamps of 54 Central Avenue, Norwich, Connecticut, who sustained injuries as a result of a fall down accident that occurred on February 7, 1991, at Central Avenue, Norwich, Connecticut." CT Page 3826
Connecticut General Statutes 13a-149 mandates the notice must contain the following five elements: (a) written notice of the injury; (b) general description of the injury; (c) the cause; (d) the time and date; and (e) the place. See Marino v. New Haven, 120 Conn. 577, 579 (1935). The statute also contains a savings provision which reads in relevant part:
 "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact mislead thereby." General Statutes 13a-149.
Although the sufficiency of notice is generally a question of fact, Morico v. Cox, 134 Conn. 218, 223 (1947), whether the purported notice patently fails to meet the statutory requirement is a matter of law. See Ozmun v. Burns,18 Conn. App. 677, 681 (1989). In Marino v. Town of East Haven, supra, 578, the court held that the language that "the plaintiff fell and was injured" was not a sufficient description of the nature or cause of the injury to meet the notice requirements of 13a-149.
The defendant's argument that the savings clause is applicable is not persuasive.
The savings clause applies to inaccuracies in description and does not save a notice which fails to describe a plaintiff's injury or the cause thereof. Wheeler v. Town of Granby, 8 CSCR 52 (November 16, 1992, Walsh, J.); also see Nicolaus v. Bridgeport, 117 Conn. 398, 401 (1933).
Compliance with the notice requirement is a condition precedent to maintaining the cause of action.
The notice is defective. Accordingly, the Motion for Summary Judgment is granted.
Mihalakos, J. CT Page 3827