[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Luberta W. Sims, filed a revised three count complaint on November 2, 1992 seeking compensation for injuries sustained in a fall at the Stamford Transportation Center on August 3, 1990. In the first count, the plaintiff asserts a claim against defendant city of Stamford (hereinafter "City") under General Statutes 13a-149. In the second and third counts, the plaintiff alleges a number of causes of action against defendant Metro-North Commuter Railroad (hereinafter "Metro-North") not relevant to this motion.
The plaintiff alleges that the city, as a municipal corporation, has a statutory responsibility to keep its road, highways and sidewalks in reasonably safe condition in accordance with General Statutes 13a-149. The plaintiff also alleges that she tripped and fell on an uneven and/or defective portion of the sidewalk on the train station platform. The plaintiff further alleges that while she was walking from the curbside to the right side of the escalator she tripped and fell on an uneven and/or defective portion of the sidewalk on that platform. The plaintiff alleges that the City breached its statutory responsibility, and as a result she suffered serious injuries, some or all of which may be permanent, because of the fall.
On October 5, 1990, approximately sixty days after the plaintiff fell, the City received notification of the accident by a letter from S. Greenberg, Assistant District Director of codefendant Metro-North Commuter Railroad indicating that the plaintiff had submitted a claim to Metro-North. The plaintiff sent a letter dated December 24, 1990 to the Stamford Town Clerk informing the city of her injuries from the fall and her intent to file a claim against the City. In her affidavit, the CT Page 7523 plaintiff stated that, within 90 days of the fall she had orally contacted the Stamford Town Clerk's Office to notify the City of the date and location of her fall and the nature of her injuries. She also stated that the city agreed to send her a claims form which never arrived.
On November 13, 1992 the City filed an answer, closing the pleadings, and a motion for summary judgment and, in support of the motion, a memorandum of law and affidavits of the Stamford Assistant Town and City Clerk and the facilities manager for the Stamford Transportation Center. The City moves for summary judgment on the first count brought against it under 13a-149 on two grounds: the notice attached to the plaintiff's complaint does not meet statutory requirements, and the premises of a railroad station are not within the scope of General Statutes13a-149 either as a highway or a sidewalk.
On June 1, 1993, the plaintiff submitted a memorandum of law in opposition to the City's motion for summary judgment including the affidavit of the plaintiff and a copy of the lease agreement between the state of Connecticut and the City of Stamford for the Stamford Transportation Center and premises.
Summary judgment is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1980). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. Farmington v. Dowling, 26 Conn. App. 545,448-49, 602 A.2d 1049 (1992); Lees v. Middlesex Insurance Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). "The test [for granting summary judgment] is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). The facts presented must be viewed in the light most favorable to the nonmoving party. Connell v. Colwell 214 Conn. 242,246-47, 571 A.2d 116 (1990). Rawling v. New Haven,206 Conn. 100, 104, 537 A.2d 439 (1988). CT Page 7524
Once the moving party has filed the appropriate documents, the party opposing the motion must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Practice Book 380, 381; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty, 214 Conn. 573, 578,573 A.2d 699 (1990). The opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents. Farrell v. Farrell, 182 Conn. 34,39-40, 438 A.2d 415 (1988). Any party may move for summary judgment at any time provided that the pleadings are closed as between the parties to that motion. Practice Book 379. Griggs v. B G Land, Inc., 24 Conn. App. 610, 611-12, 590 A.2d 982
(1991).
General Statute 13a-149 creates a cause of action against any town, city, corporation or borough for injuries by means of defective roads and bridges.
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation.
Statutory written notice within 90 days of the injury is a condition precedent to maintaining a cause of action under the defective highway statute and the absence of such notice bars recovery as a matter of law. Wethersfield v. National Fire Ins. Co., 145 Conn. 368, 143 A.2d 454 (1959). "The statutory notice must be furnished by the injured parties, `either individually or through a representative' . . . ." (Emphasis in original.) Bresnan v. Frankel, 224 Conn. 23, 27, 615 A.2d 1040 (1992), quoting CT Page 7525 Warkentin v. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992). "Information provided by third party sources no matter how precise could not cure defects in plaintiff's notice." Bresnan v. Frankel, supra, 27. Although these cases were brought under General Statutes 13a-144, there is no material difference in obligation imposed on the state by the defective highway statute, General Statutes 13a-144, and that imposed on municipalities by General Statutes 13a-149. C.G. Donnelly v. Ives, 159 Conn. 163,268 A.2d 406 (1970). The statute requires written notice of injury and a general description of cause, time, and place of its occurrence. Ross v. City of New London, 3 Conn. Cir. 644, 222 A.2d 816, cert. denied, 154 Conn. 717, 212 A.2d 272 (1966). The purpose of the statutory requirements is to enable the municipality to make timely and appropriate investigation of the place where the injury allegedly occurred, for protection and presentation of its interests. Id. "[S]tatutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourage prompt investigation of conditions that may endanger public safety as well as give the town an early start in assembling evidence for its defense against meritless claims. Sanzone v. Board of Police Commissioners, 219 Conn. 179,192, 592 A.2d 912 (1991).
Unlike General Statutes 13a-144, 13a-149 provides a liberal savings clause in order to validate the content of a defective notice. Pratt v. Old Saybrook, 225 Conn. 177, 182,621 A.2d 1322 (1993). Section 13a-149 provides that no notice "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there is no intention to mislead or that such town, city, corporation or borough was not in fact mislead thereby." "[T]his clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." Pratt v. Old Saybrook, supra, 183. "While the savings clause will excuse inaccuracies in the content of the notice, however, it will not excuse a complete absence of notice." Bassin v. Stamford,26 Conn. App. 534, 538, 602 A.2d 1044 (1992). See also Nicholaus v. Bridgeport, 117 Conn. 398, 401-02, 167 A. 826 (1933) (the savings clause will not validate a notice which failed entirely to state a cause of action).
The City argues that the letter dated October 5, 1990, in which Metro-North advised the City that the plaintiff had submitted a claim to Metro-North, is insufficient notice because CT Page 7526 it does not contain a description of the injuries allegedly sustained by the claimant. Because the plaintiff or her representative did not notify the City, there is an absence of notice. Bresnan v. Frankel, supra, 27.
The plaintiff also relies on the letter dated December 24, 1990 written by her attorney to the City. The accident allegedly occurred on August 3, 1990. The 90 day statutory deadline for giving notice expired in early November. The letter dated December 24, 1990 is untimely and therefore, cannot be considered.
Lastly, plaintiff relies on her telephone call to the City. The statute requires written notice and oral notice does not meet the statutory requirements. General Statutes 13a-149. Plaintiff further argues that the letter dated October 5, 1990 will not fail because of inaccuracies in its content. The savings clause will not validate the letter because the letter did not provide notice. Bassin v. Stamford, supra, 538.
By failing to give notice, the plaintiff's allegations do not give rise to a cause of action. Hillier v. East Hartford,167 Conn. 100, 105, A.2d (1974). In the absence of compliance with the requirements of the act, the cause of action does not exist at all. Dugan v. Milledge, 196 Conn. 591, 595,494 A.2d 1203 (1985).
"Where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter." Echer v. West Hartford, 205 Conn. 219,232, 530 A.2d 1056 (1987). "The time limitation is not to be treated as an ordinary statute of limitations, but rather is a limitation on the liability itself, and not the remedy alone." Id. Connecticut courts have "repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." Ecker v. West Hartford, supra, 232. "[A]n action under the defective highway statute, 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from any injury to any person or property by means of a defective road or bridge." Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991) quoting General Statutes 13a-149. Section 13a-149 creates a right of CT Page 7527 action that did not exist at common law. Id., 196 n. 13.
"The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from recovery." Id., 198. General Statutes 13a-149 contains a specific time limitation to give notice. The time limitation is a substantive and jurisdictional prerequisite. See Ecker v. West Hartford, supra. Accordingly, the court lacks subject matter jurisdiction to entertain the motion for summary judgment because the plaintiff failed to file timely notice under section13a-149.
Therefore the motion for summary judgment is granted.
Howard F. Zoarski, Judge