[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Richard Pierce, brought an action against the Town of North Canaan and the North Canaan Fire District pursuant to Conn. Gen. Stat. § 13a-149, the defective highway statute. The defendants claim the plaintiff's cause of action is barred as a matter of law CT Page 10943 and should be dismissed for the following reasons:
The plaintiff has failed to commence said action within the two year time period specified in said statute. In addition, with regard to the defendant, North Canaan Fire District, the plaintiff has failed to allege that notice was served as required by § 13a-149.
The plaintiff brought this action against the Town of North Canaan and the North Canaan Fire District pursuant to Conn. Gen. Stat § 13a-149, the defective highway statute. In his complaint, the plaintiff alleges that on January 3, 1993, he sustained injuries when he slipped on a sidewalk on the easterly side of Railroad Street in North Canaan near the north side entrance to Bob's Store. The plaintiff alleges that he was caused to slip and fall due to an accumulation of snow and ice in said area.
The sheriff's return of service, (Exhibit A),* states that service was made on the North Canaan Town Clerk on December 4, 1995 and on the North Canaan Fire District on January 4, 1995. In fact, service was made on the Town Clerk on January 4, 1995, not December 4, 1995 as suggested in the sheriff's return. See Affidavit of Sheriff Thomas Telman, indicating that the writ, summons and complaint was delivered to him on January 3, 1995, attached as Exhibit B.*
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Ziska v.Water Pollution Control Authority, 195 Conn. 682, 687
(1985). A motion to dismiss can be asserted on the following grounds: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process. Connecticut Practice Book § 143. In order to properly bring a defective highway claim, a plaintiff must satisfy the notice and limitation requirements of the statute which act as conditions precedent to the maintenance of an action thereunder.Marino v. East Haven, 120 Conn. 577, 579 (1935);Shine v. Powers, 37 Conn. Sup. 710, 711 (App. Sess. 1981). This issue of whether the statutory preconditions have been satisfied is one of law, for the court to decide in the first CT Page 10944 instance. Schaap v. Meriden, 139 Conn. 254, 256 (1952). Failure to satisfy the statutory preconditions precludes invocation of the defective highway statute, thereby depriving the court of all statutory jurisdiction, necessitating dismissal of the action. Dorismond v. Cityof Stamford, 14 CLT 45 (1988); Brown v. City of WestHaven, 13 CLT 1 (1986).
 I
Under Tort Report II, a plaintiff's exclusive remedy for injuries arising out of an allegedly defective road or bridge is Conn. Gen. Stat. § 13a-149. Sansone v.Board of Police Commissioners, 219 Conn. 179 (1991). This statute provides in pertinent part:
 Sec. 13a-149. Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury.
The plaintiff's complaint in the case at bar alleges that he was injured on January 3, 1993 when he allegedly fell on a sidewalk on the north side of Railroad Street in North Canaan, Connecticut. Thus, in order to comply with the statutory requirement that his action be commenced within two years from the date of injury, the plaintiff's complaint must have been served by January 3, 1995.
However, neither defendant was served by that date. The sheriff's return of service indicates that service was made on the North Canaan Fire District on January 4, 1995. It is clear that the plaintiff's complaint was served on the Town of North Canaan on January 4, 1995, as well.
The plaintiff failed to effect service of the writ, summons and complaint on or before January 3, 1995. Thus, the action must be dismissed for failing to comply with the requirements of Conn. Gen. Stat. § 13a-149, which CT Page 10945 requires that any action brought pursuant to said statute be brought within two years from the date of injury.
 II
Ordinarily, delivery of a writ, summons and complaint to a sheriff within the time period of the applicable statute of limitations will save a claim from being time-barred, provided that the sheriff makes service within fifteen days of delivery. Girard v.Weiss, 1994 11 Conn. L. Rptr. 217, CT. CaseBase 2530 (March 10, 1994) (Sheldon, J.)
This result is achieved by virtue of Connecticut General Statutes § 52-593a, which provides in pertinent part:
 Sec. 53-593a. Right of action not lost where process served after statutory period. When. (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
In the instant case, however, because the plaintiff's cause of action is brought pursuant to Conn. Gen. Stat. § 13a-149, a statute which abrogates the immunity of a town in the context of injuries occurring as a result of allegedly defective roads or bridges, the provisions of § 52-593a do not apply.
The right of a plaintiff to recover for injuries sustained on an allegedly defective road or bridge is purely statutory. No such right existed at common law.Hillier v. East Hartford, 167 Conn. 100, 104 (1974). It is axiomatic that statutes in derogation of the common law are to be strictly construed. Duguay v. Hopkins,191 Conn. 222, 232 (1983). CT Page 10946
"The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation of condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." Hillier, supra at 106, citing DeMartino v. Siemon, 90 Conn. 527, 528-29
(1916).
Any specific limitation contained in the statute is therefore substantive, or jurisdictional, rather than procedural or personal. Thus, the remedy exists only during the time indicated by the statute and not thereafter. L.G. DeFelice Sons, Inc. v. Wethersfield,167 Conn. 509, 511 (1975).
The court in Collins v. Meriden, 41 Conn. Sup. 4252 Conn. L. Rptr. 401 (1990) was confronted with the same situation which exists in this case, in relationship to Conn. Gen. Stat. § 13a-144. In Collins, the plaintiff was one day late in serving process upon the defendant but had delivered her complaint to the sheriff prior to the running of the statute, which complaint was then served in compliance with Conn. Gen. Stat. § 52-593a. Noting its obligation to strictly construe statutes in derogation of the common law so as not to undermine sovereign immunity, the Court (Gaffney, J.) granted the Commissioner's motion to dismiss for the plaintiff's failure to meet the statutory requirements for commencing suit pursuant to the defective highway statute.
Under the rule set forth in Collins, the plaintiff's action is not saved by the provisions of Conn. Gen. Stat. § 52-593a and should be dismissed.
 III
The plaintiff's writ and summons identifies two defendants in this action; the Town of North Canaan and the North Canaan Fire District within the body of his complaint, the plaintiff alleges that the defendant North Canaan Fire District is a "public corporation" organized and existing under the laws of the State of Connecticut charged, by virtue of § 13a-149, with the "maintenance, CT Page 10947 repair and proper care of the streets and sidewalks within the limits of said municipality." The plaintiff alleges further that he served notice "of said defect and the plaintiff's resulting injuries . . . upon the Town of North Canaan on February 10, 1993, pursuant to the provisions of § 13a-149 of the General Statutes, a copy of which is appended hereto as Exhibit A."
The relevant terms of Connecticut General Statutes § 13a-149 provide as follows:
 "Sec. 13a-149. Damages for injuries by means of defective roads and bridge. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation.
This statute created a cause of action which did not exist at common law. Shapiro v. Hartford, 4 Conn. App. 315
(1985). Because the statute creates a cause of action in derogation of the common law, it must be strictly construed. Mahoney v. Lensick, 213 Conn. 548 (1990).
The statute specifies that notice be given to a municipal corporation by service on the secretary or treasurer of the corporation. "The giving of statutory notice is a condition precedent to a cause of action brought pursuant to § 13a-149, whether the action is against the state or any subdivision thereof,"Wethersfield v. National Fire Ins. Co., 145 Conn. 368,371 (1958), and the failure to provide such notice bars recovery as a matter of law. Sims v. Stamford,8 CSCR 1021 (August 19, 1993) (Zoarski, J.); Deschamps v.Norwich, 8 CSCR 550 (April 21, 1993) (Mihalakos, J.);Wheeler v. Granby, 8 Conn. L. Rptr. 642, 8 CSCR 52 (November 16, 1992) (Walsh, J.). CT Page 10948
The plaintiff in the case at bar has failed to allege that notice was given to the North Canaan Fire District pursuant to Conn. Gen. Stat. § 13a-149. Thus, the plaintiff's claim is barred as to this defendant.
 IV
Pursuant to Conn. Gen. Stat. § 13a-149, the plaintiff was required to bring his action within two years of sustaining injuries allegedly caused by a defective road or bridge. The plaintiff failed to commence this action within the two year time limitation contained within the statute which establishes the cause of action. The plaintiff's action is not saved by the provisions of § 52-593a, in accordance with the case of Collins v.Meriden, supra. Further, the plaintiff failed to allege that notice was served on the municipal corporation, North Canaan Fire District, by service upon its treasurer or secretary, in accordance with the explicit terms of the statute.
For the reasons set forth, the motion to dismiss is granted.