[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON TOWN OF NEWINGTON'S MOTION TO STRIKE
This action arises out of an accident that occurred on Cherry Hill Drive in the Town of Newington, Connecticut when the defendant, Ellen Shea, owner and operator of a 1987 Ford Escort automobile, struck and injured the minor plaintiff Daniel DiLuciano, causing him to suffer injuries. Counts one through four of the amended complaint are directed against the defendant Shea alleging recklessness and negligence. Counts five through eight of the complaint are brought against the defendant Town of Newington pursuant to General Statutes (13a-149), the municipal highway defect statute, alleging that the defendant town was negligent and created a nuisance by allowing overgrown trees and vegetation to obstruct visibility westbound on Cherry Hill Drive.
On July 14, 1995, the defendant, Town of Newington, moved to strike counts five through eight of the amended complaint on the grounds that the notice given to the defendant municipality pursuant to General Statutes § 13a-149 is CT Page 560 insufficient in that it fails to identify the location where the plaintiff Daniel DiLuciano's accident occurred. The relevant portion of the notice states only that "said injury resulted from a highway defect caused by obstruction to the roadway and in particular obstruction to driver vision caused by oversize trees and vegetation." The notice does not specify a location or address at which the accident occurred.
Before submitting the question of the adequacy of notice to the jury, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet the statutory requirements. Ozmun v. Burns, 18 Conn. App. 677,681 (1989). Connecticut General Statutes § 131-149 mandates the notice must contain the following five elements: (1) written notice of the injury; (b) general description of the injury; (c) the cause; (d) the time and date; and (e) the place. See Morino v. New Haven, 120 Conn. 577, 579 (1935);Deschamps v. Norwich, 8 CSCR 550, 551 (June 7, 1993).
"The obvious purpose of the statutory notice provision is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable then to enquire into the facts of the case intelligently." Bassinv. Stamford, 26 Conn. App. 534, 539 (1992). Notice is deemed sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances to ascertain where the injury occurred. Id. However, mere reference to a street in a notice has been held to be insufficient as a matter of law because it failed to sufficiently describe the place where the plaintiff's injury occurred. Norwalk Co-op Inc. v.Greenwich, 7 Conn. L.Rptr. 72, 74 (1992).
In the instant case, the description of location fails to indicate a street address or other means of identifying where the accident occurred. Consequently, the town or its agents would not be able to conduct an intelligent inquiry into the facts of this case and the notice provided in the instant case must be held insufficient as a matter of law; Nicholaus v.Bridgeport, 117 Conn. 398, 402 (1933).
The savings clause in General Statutes § 13a-149 reads as follows:
No notice given under the provisions of CT Page 561 this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
While the savings clause will excuse inaccuracies in the content of the notice it will not excuse a complete absence of notice. Bassin v. Stamford, 26 Conn. App. 538. "The savings clause applies to inaccuracies in description and does not save a notice which fails to describe a plaintiff's injury or cause thereof." Deschamps v. Norwich, 8 CSCR 551. In the instant case, since there is a complete absence of notice concerning the location of the accident, the savings clause does not apply and the notice is irreparably defective. SeeNorwalk Co-op Inc. v. Greenwich, 7 Conn. L.Rptr. 73-74;Deschamps v. Norwich, supra.
Compliance with the notice requirement is a condition precedent to maintaining an action under general statutes §13a-149, Sims v. Stamford, 8 CSCR 1021, 1022 (October 18, 1993); Deschamps v. Norwich, supra.
Motion to Strike counts five through eight of the amended complaint is granted.
Wagner, J.