MARGARET BALINT ET AL. *v.* THEODORA CASALE
(14372)
(14706)

Foti, Heiman and Cretella, Js.

Argued December 13, 1995—decision released March 12, 1996

*Grant P. Fondo,* for the appellant (defendant).

*Heidi G. Winslow,* for the appellees (named plaintiff et al.).

CRETELLA, J. This appeal from a judgment and certain orders of the housing session of the Danbury Supe-

rior Court involves a dispute between the tenants and the owner of a trailer park. The defendant is the owner of Meadowbrook Vista Trailer Park and the plaintiffs are twenty-six tenants of the trailer park.

The following facts are relevant to this appeal. The plaintiffs filed complaints in the Danbury Superior Court in October, 1994, pursuant to General Statutes § 47a-14h,[1] alleging that the defendant failed to fulfill her legal obligation as a landlord pursuant to General Statutes § 47a-7.[2] The plaintiffs sought, inter alia, an order appointing a receiver of rents and an order for the receiver to use the money to correct conditions in the property that violated local, state or federal law. The twenty-six complaints were treated as a single action in accordance with General Statutes § 47a-14h (b).[3] The

[1] General Statutes § 47a-14h provides in relevant part: "(a) Any tenant who claims that his landlord has failed to perform his legal duties, as required by section 47a-7 . . . may institute an action in the superior court having jurisdiction over housing matters in the judicial district in which he resides to obtain the relief authorized by this section and sections 47a-20 and 47a-68. . . ."

[2] General Statutes § 47a-7 (a) provides: "A landlord shall: (1) Comply with the requirements of chapter 368o and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant; (3) keep all common areas of the premises in a clean and safe condition; (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him; (5) provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish and other waste incidental to the occupancy of the dwelling unit and arrange for their removal; and (6) supply running water and reasonable amounts of hot water at all times and reasonable heat except if the building which includes the dwelling unit is not required by law to be equipped for that purpose or if the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant or supplied by a direct public utility connection."

[3] General Statutes § 47a-14h (b) provides in relevant part: "If, on the same day, more than one tenant from the same building or complex institutes an

trial court found, by way of three interlocutory orders, that eighteen of the twenty-six plaintiffs had established that the defendant had failed to fulfill her legal obligations as a landlord pursuant to § 47a-7 by failing to maintain in good working order the electrical, septic and water systems. The court further found that the defendant had failed to correct overhanging tree limbs, rodent infestation, soil erosion and clogged storm drains. The trial court found insufficient evidence to support the claims of the remaining tenants. The trial court entered several orders that directed that the plaintiffs' rents be paid over to a court-appointed receiver of rents. The collected moneys were to be used exclusively for repairs and maintenance at the trailer park.

On appeal, the defendant argues that (1) the plaintiffs did not present sufficient evidence to meet the notice requirements of § 47a-14h (b), (2) the evidence presented was insufficient to support the findings of fact and the decision of the trial court, (3) the appointment of a receiver of rents was not supported by the evidence, and (4) the trial court improperly restricted the scope of the receiver's responsibilities. We disagree with these claims and affirm the judgment of the trial court.

I

The defendant first argues that the plaintiffs failed to present sufficient evidence that they complied with the notice requirements of § 47a-14h (b).[4] According to

action under this section and pays the entry fee for such action, unless such fee is waived, the actions shall be treated as a single action. . . ."

[4] General Statutes § 47a-14h (b) provides in relevant part: "The action shall be instituted by filing a complaint, under oath, with the clerk of the court. The complaint shall allege (1) the name of the tenant; (2) the name of the landlord; (3) the address of the premises; (4) the nature of the alleged violation of section 47a-7; and (5) the dates when rent is due under the rental agreement and the amount due on such dates. The complaint shall also allege that at least twenty-one days prior to the date on which the complaint is filed, the tenant made a complaint concerning the premises to the municipal agency, in the municipality where the premises are located,

the defendant, each plaintiff failed to provide sufficient evidence that he or she made a complaint concerning the premises to the agency responsible for the enforcement of the housing code. The defendant argues that although the plaintiffs alleged on standard forms provided by the court that complaints were filed with the department of health of the city of Danbury, they failed to provide sufficient evidence of these complaints to the court.

We initially note that "[t]he requirement of notification to the housing code enforcement agency is not directory but mandatory"; *Dugan* v. *Milledge*, 196 Conn. 591, 595, 494 A.2d 1203 (1985); and that "[c]ompliance with this essential condition [is] a requisite for the court's jurisdiction." Id. Section 47a-14h (b) does not, however, require that complaints to the health department be made in writing or that the plaintiff produce written copies of such complaints at trial. This conclusion is consistent with the principle that "[t]he words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise." (Internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989).

We agree with the plaintiffs that whether they made the requisite complaints was an issue of fact for the trial court. "The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses." (Citations omitted; internal quotation marks omitted.) *Rosick* v. *Equipment*

responsible for enforcement of the housing code or, if no housing code exists, of the public health code, or to the agency responsible for enforcement of the code or ordinance alleged to have been violated, or to another municipal agency which referred such complaint to the municipal agency responsible for enforcement of such code or ordinance. In the case of a mobile manufactured home located in a mobile manufactured home park, such complaint may be made to the commissioner of consumer protection. . . ."

*Maintenance & Service, Inc.*, 33 Conn. App. 25, 40, 632 A.2d 1134 (1993). The trial court heard testimony regarding the twenty-six complaints filed with the Danbury health department. On the basis of our review of the record, we conclude that the trial court's finding that the plaintiffs made complaints to the Danbury health department twenty-one days prior to filing their complaints is not clearly erroneous.

## II

The defendant next argues that the finding of the trial court that the defendant had violated her statutory obligations under § 47a-7 was not supported by the evidence.[5] We disagree.

The trial court heard extensive evidence from the tenants, the defendant and nonparty witnesses who gave testimony of their own knowledge. The trial court was able to weigh such evidence, assess the credibility of the witnesses, and view numerous exhibits and photographs in determining what problems existed at the mobile home park. The trial court's conclusion that there were serious health and safety violations is not clearly erroneous. See id., 40.

## III

The defendant next argues that the evidence presented did not support the appointment of a receiver of rents. Specifically, the defendant argues that the purpose of appointing a receiver of rents is to secure the property from waste or loss, and, based on the evidence presented, there was no concern for waste or loss. We disagree.

Section 47a-14h (e) (2) provides in relevant part that "[t]he complainant may seek and the court may order

[5] The defendant is not appealing this issue as to six of the successful plaintiffs.

interim or final relief including, but not limited to . . . an order appointing a receiver to collect rent or to correct conditions in the property which violate local, state or federal law . . . ." Moreover, the court is given broad powers to order "such other relief in law or equity as the court may deem proper. . . ." General Statutes § 47a-14h (e) (5). The trial court found that it was necessary to appoint a receiver of rents to address and correct the deficiencies that it found concerning the condition of the property. This remedy was not only permitted by the statute but was an appropriate course of action for the trial court to take.

## IV

The defendant's final argument is that the trial court improperly restricted the scope of the receiver's responsibilities when it prohibited her from paying any taxes or insurance accruing during her appointment. Although the receiver testified that the payment of real estate taxes and insurance premiums are typically included in the responsibilities of a receiver of a mobile home park, the trial court was not bound to adopt the receiver's recommendations and order that such payments be made.

Section 47a-14h (e) (2) sets forth the duties of the receiver of rents and the purposes for which money may be expended. Payment of such taxes and insurance are not authorized by the statute. The trial court therefore properly refused to allow payment of these items.

The judgment is affirmed.

In this opinion the other judges concurred.