[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This Motion to Dismiss concerns the adequacy of a lawsuit involving the payment into court statute, Connecticut GeneralStatutes § 47a-14h raising the issue. Does the plaintiff's failure to comply with statutory requirements deprive the court of subject matter jurisdiction?
FACTS
The plaintiffs, residential tenants, filed this payment into court action on December 18, 1995. The plaintiffs used the proper Judicial Department form for their complaint, JD-CV-28 Rev. 8-94. On January 5, 1996 the defendant appeared by counsel of record and filed an answer, special defenses and a two count counterclaim seeking money damages and other relief. On January 24, 1996 the plaintiffs filed an answer, special defenses to the defendant's pleadings and a three count counterclaim seeking money damages and other relief. After these continuances the matter was assigned for a hearing on January 25, 1996.
On January 25, 1996 the court raised, sua sponte, the question as to whether or not the allegations of the plaintiff's lawsuit complied with the statutory requirements of ConnecticutCT Page 2825General Statutes 47a-14h. If the allegations did not comply with the statute, the court queried whether or not a motion to dismiss should be granted for non-compliance with the statutory requirements. The motion to dismiss, raised by the court sua sponte, was then continued to March 7, 1996 for an evidentiary hearing.
On March 7, 1996 the defendant offered the testimony of a deputy sheriff. He testified that he made abode service of a Notice to Quit for nonpayment of rent at 1:30 p.m. on December 18, 1995. The court took judicial notice that the statutory complaint filed by the plaintiff in accordance with ConnecticutGeneral Statutes 47a-14h was date stamped in the Superior Court at 3:32 p.m. on December 18, 1995. There is no evidence in the file of any service on the defendant prior to 3:32 p.m. December 18, 1995. The evidence at the hearing also revealed that the payment into court complaint was not signed by the plaintiffs individually nor was it verified. The complaint was only signed by plaintiff's counsel of record.
This court found that a valid notice to quit for nonpayment of rent was served at 1:30 p.m. December 15, 1995 which was prior to the "institution of an action under this section."Connecticut General Statutes § 47a-14h(a). The court also found that the plaintiffs failed to sign the complaint under oath. The court found that the institution of the payment into court action occurred at 3:32 p.m. on December 18, 1995, there having been no prior service of the complaint. The Meadows v.Henderson, 11 CLT No. 36, p. 15 H-605 February 15, 1985 (Goldstein, J.). Connecticut General Statutes § 47a-14h(c)
(service authorized by the clerk sending the complaint to the landlord by certified mail return receipt requested).
The issue for the court to decide is whether or not the failure of the plaintiffs to comply with the specific requirements of Connecticut General Statutes § 47a-14h deprives the court of subject matter jurisdiction. "No tenant may institute an action under this section if a valid notice to quit possession or occupancy based upon nonpayment of rent has been served on him prior to his institution of an action under this section . . ." Connecticut General Statutes § 47a-14h(a). "The action shall be instituted by filing a complaint, under oath, with the clerk of the court." Connecticut General Statutes§ 47a-14h(b)
CT Page 2826
DISCUSSION OF LAW
"Standing focuses on whether that party is the proper party to request adjudication of the issues. . . . The emphasis is whether the party has a personal stake in the outcome of the controversy, . . . and whether the dispute touches upon the legal relations of the parties having adverse legal interests." (Internal quotations and citations omitted) Shaskan v. WalthamIndustries Corporation, 168 Conn. 43, 49 (1975). "The plaintiff must allege and demonstrate that the allegedly improper . . . conduct causes him to suffer some pecuniary or other great injury." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 549 (1980); Sadloski v. Manchester, 228 Conn. 79,83 (1993).
Although it appears that the plaintiffs, as tenants, may have standing, their lawsuit is based solely on a statute. The court is deprived of subject matter jurisdiction if the statutory conditions have not been complied with.
 "The plaintiff's cause of action was purely statutory. The requirement of notification to the housing code enforcement agency is not directory but mandatory. Compliance with this essential condition was a requisite for the court's jurisdiction. General Dynamics Corporation v. Groton, 184 Conn. 483, 493, 440 A.2d 185 (1981). A condition precedent to the maintenance of the action required that the plaintiff, at least five days prior to the date on which she filed her complaint, make a complaint to the municipal agency responsible for the enforcement of the housing code. The allegation required by the act was a vital part of the plaintiff's case. It went to the very existence of the action, which, in the absence of compliance with the requirements of the act, does not exist at all. State v. Aetna Casualty Surety Insurance Co., 138 Conn. 363, 367, 84 A.2d 683 (1951); Crocker v. Hartford, 66 Conn. 387, 391, 34 A.2d 98
(1895); see Guilford Yacht Club Assn., Inc. v. Northeast Dredging Inc., 192 Conn. 10, 13, 468 A.2d 1235 (1984)." Dugan v. Milledge, 196 Conn. 591, 595
(1985)
The statute in question entitled "Payment of rent into court" was promulgated by the legislature in 1983. P.A. 83-510CT Page 2827S. 1-4 7-9. The legislature has modified the act in a number of regards in 1984, 1985, 1989, 1991 and 1993. The act currently in effect is as follows:
 "Any tenant who claims that his landlord has failed to perform his legal duties, as required by section 47a-7, or subdivisions (1) to (13), inclusive, of subsection (a) of section 21-82, may institute an action in the superior court having jurisdiction over housing matters in the judicial district in which he resides to obtain the relief authorized by this section and sections 47a-20 and 47a-68. No tenant may institute an action under this section if a valid notice to quit possession or occupancy based on nonpayment of rent has been served on him prior to his institution of an action under this section or if a valid notice to quit possession or occupancy based on any other ground has been served on him prior to his making the complaint to the agency referred to in subsection (b) of this section, provided any such notice to quit is still effective." Connecticut General Statutes § 47a-14h(a)
The statute sets the following requirements concerning the institution of the complaint. "The action shall be instituted by filing a complaint, under oath, with the clerk of the court. The complaint shall allege (1) the name of the tenant; (2) the name of the landlord; (3) the address of the premises; (4) the nature of the alleged violation of section 47a-7; and (5) the dates when rent is due under the rental agreement and the amount due on such dates". Connecticut General Statutes § 47a-14h(b)
 CONCLUSION OF LAW
The Supreme Court has visited this statute only once.Dugan v. Milledge, 196 Conn. 591 (1985). In Dugan Judge Aronson, sitting in the Housing Session in Hartford, sua sponte rendered a judgment of dismissal on the basis that the statutory cause of action under P.A. 83-510 (now modified as ConnecticutGeneral Statutes § 47a-14h) was deficient due to the plaintiff's failure to allege in her complaint that she made a timely complaint to the municipal agency charged with enforcing the housing code. This allegation was required by Public Act 83-510. The court held that the plaintiff's cause of action was purely statutory. Under the authority of General DynamicsCT Page 2828Corporation v. Groton, 184 Conn. 483 the court held that the requirements of the statute were not directory but mandatory and that compliance with those essential conditions was essential to the court's jurisdiction.
One month prior to Dugan v. Milledge, the Appellate Court considered a dismissal by the trial judge of a payment into court action concerning failure of compliance with the statute. The decision upheld the court's right to dismiss but overruled the trial court on other grounds. Rivera v. Santiago, 4 Conn. App. 608,610 (1985).
In 1988 the Appellate Court again visited § 47a-14h in Viscov. Cody, 16 Conn. App. 444, (1988) stating, "For example, before a tenant can initiate an action pursuant to 47a-14h, he must allege that within the previous twenty-one days he lodged a complaint concerning the condition of the premises with a municipal agency." Visco v. Cody, supra 450.
Therefore compliance with the statutory requirements of § 47a-14h is mandatory. This court has found that the defendant had served a valid notice to quit for nonpayment of rent prior j to this payment into court action being instituted by the plaintiff. The plaintiff therefore has not complied with § 47a-14h(a).
A subject matter jurisdiction issue was brought to the attention of the court. The court may consider a Motion to Dismiss at any stage of the pleadings, despite the order of pleading requirements of Practice Book § 112(2), based on lack of subject matter jurisdiction. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. A motion to dismiss can be considered after an answer has been filed, after pleadings have been closed, during the trial, after judgment has been entered or by the Appellate Court or Supreme Court on appeal, either sua sponte or by motion of the parties.Kolenberg v. Board of Education, 206 Conn. 113, 124 (1988). Generally statutory proceedings in landlord/tenant matters are required to be strictly construed. Jo-Mark Sand and Gravel v.Pantanella, 139 Conn. 598, 600-601 (1953). The court lacks subject matter jurisdiction when the initiating papers are defective. Lampasona v. Jacobs, 209 Conn. 724, 790 (1989). CT Page 2829
The Motion to Dismiss the complaint is hereby granted.
The court will now consider the special defenses, counterclaims and further pleadings filed by the defendant and special defenses and counterclaims filed by the plaintiffs in response to the defendant's pleadings. The dismissal or withdrawal of the underlying complaint does not dismiss or withdraw any counterclaims filed. C.G.S. § 52-80; Boothe v.Armstrong, 76 Conn. 530, 533 (1904).
The statutory action, having been dismissed, the court has no power to grant relief under the payment into court statute to the plaintiff. Reynolds v. Vroom, 130 Conn. 512, 515 (1944);Schroeter v. Salvati, 6 Conn. App. 622, 623 (1986). "This court may decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant." Schroeter v. Salvati, supra 623.
The defendant has filed special defenses and two counterclaims regarding breach of lease and non payment of rent. The counterclaims seek money damages. Her counterclaims are not specifically authorized by the language of statutory payment into court action. "The landlord, by counterclaim, may request and the court may issue an order compelling the tenant to comply with his duties under section 47a-11". Connecticut GeneralStatutes § 47a-14h(f). The plaintiffs further plead their own counterclaims to the defendant's counterclaims seeking money damages for unfit or unhabitable premises, the disgorgement of rent voluntarily paid and equitable relief. Putting aside the lack of compliance and conformity to the rules of practice and pleadings in accordance with Practice Book § 170 et. seq., the court wishes to address the issue as to whether or not the statutory language of § 47a-14h limits special defenses and counterclaims.
In the statutory action of summary process, counterclaims are limited to those that reflect the statutory purpose; i.e. a determination of who has the higher possession right or title to the property. Filosi v. Hawkins, 1 Conn. App. 633 (1984);Southland v. Vernon, 1 Conn. App. 439 (1984). The limits of that rule were established by a counterclaim for constructive trust in Filosi v. Hawkins, supra 635; and equitable relief from forfeiture in Fellows v. Martin, 217 Conn. 57, 67 (1991).
Since this is a statutory action its remedy is narrow. Like CT Page 2830 a summary process action, strict time constraints are contained in the statute. "Upon receipt of the complaint, the clerk shall promptly set the matter down for hearing to be held not more than fourteen days after the filing of the complaint." C.G.S. § 47a-14h(c). The statute is in derogation of common law and must be strictly construed. Jo-Mark Sand and Gravel v.Pantanella, supra 600-601; Windsor Properties v. Great AtlanticPacific Tea Company, 35 Conn. Sup. 87, 91 (1953).
Complaints and counterclaims seeking money damages are not permitted in summary process lawsuits, either tenant against landlord or landlord against tenant. Atlantic Refining Co. v.O'Keefe, 131 Conn. 528, 531 (1945); Webb v. Ambler, 125 Conn. 543,551 (1939). A separate lawsuit for money damages can be filed by either party to a summary process suit. So to inConnecticut General Statutes § 47a-14h a separate lawsuit for money damages can be filed either landlord or tenant in which the issues raised by their counterclaims, special defenses and setoffs can be considered. Ossen v. Wanat, 217 Conn. 313, 317-319
(1991); C.G.S. Section 47a-23a(a); Fellows v. Martin,223 Conn. 152, 154 (1992).
The legislature is presumed to know the above referred status of the law and presumably the legislature took the summary nature of eviction cases into consideration. It is of note that the legislature permitted only one counterclaim, tenant's non compliance with § 47a-11. Connecticut GeneralStatutes § 47a-14h(f). If the legislature intended to allow more statutory counterclaims in a payment into court case it could have easily done so.
Connecticut General Statutes § 47a-14h, is especially narrow. It prevents landlords from evicting tenants. It prevents the landlord from receiving rent. It requires the landlord to make repairs. No money damages are authorized by statute other than the return of rent paid into court.Connecticut General Statutes § 47a-14h.
Therefore the remedies sought by the defendant in her counterclaims seeking money damages are beyond the import of the statute. The damages sought by the plaintiffs in their counterclaims against the defendant are equally beyond the scope of the statute.
The counterclaims filed by both parties are outside the CT Page 2831 statutory mandate. "Compliance with its mandate is a necessary prerequisite to . . .court's subject matter jurisdiction."Iovieno v. Commissioner of Correction, 40 Conn. App. 553, 559
(1986); State v. Southard, 191 Conn. 506, 508 (1983).
The entire case is dismissed.
BY THE COURT,
KEVIN TIERNEY, JUDGE