[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Ricardo Abru, a/k/a Jose Rafael Tavarez, has filed a complaint alleging a single claim of negligence against the City of Danbury (the "City"). In the complaint, Abru alleges that on July 30, 1994, while walking in a northerly direction "on the right side of Stadley Rough Road at a point near the private driveway to Candlewood Baptist Church," he was injured due to a dangerous condition that the City negligently allowed to exist in violation of its statutory duty to keep the road in reasonably safe condition. Attached to the complaint is a copy of the notice sent to the City by Abru's attorney dated October 24, 1996, together with an undated domestic return receipt.
On August 14, 1996, CT Cable Construction Company (CCC) moved to intervene as coplaintiff pursuant to Sec. 31-293 (a) of the General Statutes. The motion was granted and in the intervening complaint, CCC alleges that Abru was injured during the scope of his employment with CCC and that CCC had compensated Abru for medical expenses and other costs associated with his injury, CCC CT Page 413 further alleges that it is entitled to recover moneys paid to Abru from any damages he may recover from the City pursuant to31-293 (a).
On September 3, 1996, the City moved to dismiss the complaint on the grounds that Abru has failed to give timely notice pursuant to Sec. 13a-149 of the General Statutes, and that the plaintiff has failed to adequately describe the location of the alleged injury. In essence, the City attacks the subject matter jurisdiction of the court based on inadequate notice. On September 13, 1996, it filed a motion to dismiss the intervening complaint on similar grounds stated above. In addition, it contends that because CCC's claim is derivative of Abru's claim, CCC's complaint should be dismissed should the court dismiss Abru's complaint.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Citations omitted; quotation marks omitted.) Sadlowski v. Manchester, 235 Conn. 637,645-46 n. 13 (1995). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Citation omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479, 489 (1994). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Footnote omitted.) Barde v. Board of Trustees,207 Conn. 59, 62 (1988).
In its memorandum in support of its motion to dismiss, the City contends that the court lacks subject matter jurisdiction because Abru did not provide notice within ninety days after the injury pursuant to Sec. 13a-149, which creates a cause of for injuries sustained by means of defective roads. It offers the affidavit of Michael Seri, the town clerk, who attests that the City was provided with notice of Abru's claim on October 31, 1994. In support of Seri's affidavit, the City offers a copy of the notice date stamped October 31, 1994, and attested to by Seri. It argues that notice was given ninety-three days after the accident, and it is, therefore, inadequate.
Section 13a-149 provides, inter alia, that "[a]ny person injured in person or property by means of a defective road or CT Page 414 bridge may recover damages from the party bound to keep it in repair . . . . No action for any such injury shall be maintained against any . . . city . . . unless written notice of such injury . . . shall, within ninety days thereafter be given to . . . the clerk of such city . . . ." "The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery."Sanzone v. Board of Police Commissioners, 219 Conn. 179, 198
(1991). "The giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any subdivision thereof." (Citations omitted; internal quotation marks omitted.) Ozmun v. Burns,18 Conn. App. 677, 680 (1989).[1] See also Roberts v. Town ofStonington, Superior Court, judicial district of New London at New London, Docket No. 535354 January 2, 1996, Austin, J.) ("Statutory written notice within 90 days of the injury is a condition precedent to maintaining a cause of action under the defective highway statute and the absence of such notice bars recovery as a matter of law.").
In the present case, Abru alleges that the injury occurred on July 30, 1994, and the City offers the undisputed affidavit of Seri who attests that it received notice on October 31, 1994. The copy of the notice date stamped October 31, 1994, has been appended. It cannot be seriously disputed that notice was not received from the plaintiff until after ninety days. Clearly, Abru did not provide timely notice of his injury to the city pursuant to Sec. 13a-149.
In the present case, the plaintiff's cause of action is purely statutory, v. "[I]n the absence of compliance with the requirements of the [statute, the cause of action] does not exist at all." Dugan v. Milledge, 196 Conn. 591, 595 (1985). See alsoEcker v. West Hartford, 205 Conn. 219, 232 (1987), (holding that "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter."). The court is without jurisdiction to provide a remedy in the present case. Accordingly, the plaintiff's complaint is dismissed for lack of subject matter jurisdiction, and, as a result, CCC's derivative complaint must also fall before the motion to dismiss. Quire v. Stamford,231 Conn. 370 (1994). The court need not address the defendant's second ground for dismissal as the first is dispositive. CT Page 415
Moraghan, J.