[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for unpaid rent. The plaintiff claims that the defendant failed to pay rent pursuant to an oral month to CT Page 2277 month lease for six months between September 1994 and August 1995. The plaintiff has stipulated that the defendant paid the rent for every month due in 1995 except March and August. The defendant claims that he paid the rent for four other months, two by check and two in cash, and that in a month in which he did not pay the rent, he paid a water bill.
"[T]he burden rested on the plaintiff to prove his case by a fair preponderance of the evidence. . . ." Apuzzo v. Hoer,125 Conn. 196, 204, 4 A.2d 424 (1939). "Where . . . nonpayment is not alleged, it is clear that payment must be specially pleaded and proved by the defendant. And even though nonpayment is alleged by the plaintiff, if the defendant by his answer pleads payment as a defense, the burden of proving it rests upon the defendant.Archambeault v. Jamelle, 100 Conn. 690, 698, 124 A. 820 [1924]."Id., 203; see also Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 237, 520 A.2d 1008 (1987).[1] That the defendant has proceeded pro se does not excuse him from this burden of proof. A pro se "litigant is bound by the same rules of evidence and procedure as those qualified to practice law.' Cersosimo v.Cersosimo, 188 Conn. 385, 394, 449 A.2d 1026 (1982); Rodriguez v.Mallory Battery Co., 188 Conn. 145, 151, 448 A.2d 829 (1982)."Mantell v. Greene, 15 Conn. App. 1, 5, cert. denied,209 Conn. 805 (1988).
The court finds:
1. The defendant was a tenant in the second floor of the subject premises for over ten years.
2. John Braswell occupied the other floor.
3. When the defendant earlier occupied the premises pursuant to a written lease, Braswell was named in the lease along with the plaintiff as a "Landlord".
4. Between September 1994 and August 1995, the defendant was a month to month tenant with the agreed upon rent being $425.00.
5. While Braswell was no longer an owner of the premises, between September 1994 and his death, he was an agent of the plaintiff for receipt of the defendant's rent.
6. The defendant paid Braswell rent in the amount of $425 in September 1994 and October 1994. This is corroborated by imprint CT Page 2278 copies of the defendant's check book which appear genuine.
7. With respect to the cash payments which the defendant claims he made to Braswell for two months rent, the court finds that the evidence is, at best, in equipoise. While the defendant was a credible witness, the evidence reflects that he generally paid his rent, by check. Moreover, these would have been relatively large payments for this defendant to effectuate by case. Finally, the defendant has no receipt or any other evidence substantiating these payments. "[I]f the evidence on a particular issue [is] in balance or equipoise, the party on whom the burden of proof rested on that issue ha[s] failed to sustain its burden of proof." Bergmann v. Newton Buying Corporation,17 Conn. App. 268, 272, 551 A.2d 1277 (1989); see State v. Moss,189 Conn. 364, 369, 456 A.2d 274 (1983); Vanderkruik v. Mitchell,118 Conn. 625, 628, 173 A. 900 (1934).
8. The defendant pleaded in a special defense that he paid a water bill of $238.00 for the property in March of 1995 when water service was terminated for nonpayment. While such a claim may be in the nature of a set-off or counterclaim rather than a special defense, because the matter was specially pleaded and because the defendant is pro se, the court will consider it.
The plaintiff has alleged that there was a month-to-month lease from September 1994 through August 1995. Therefore, the plaintiff claims that in March the defendant was a month-to-month tenant. When water service was terminated for nonpayment the defendant telephoned the plaintiff who told him that if he wanted water he would have to pay the water bill. As the landlord, the plaintiff was obligated to provide the defendant with running water. General Statutes § 47a-7a(6); see Grimes v. HousingAuthority of the City of New Haven, 42 Conn. App. 324, 326,679 A.2d 397 (1996); Balint v. Casale, 40 Conn. App. 595, 597,672 A.2d 508 (1996).[2] His failure to do so was in violation of the law. The defendant's payment of the water bill — thereby discharging the plaintiff's obligation — unjustly enriched the plaintiff. Ayotte Bros. Construction Co. v. Finney,42 Conn. App. 578, 581, 680 A.2d 330 (1996).[3]
The failure to provide water to the property suspends the obligation to pay rent. General Statutes § 47a-4a; Eamiellov. Liberty Mobile Home Sales, Inc., 208 Conn. 620, 651,546 A.2d 805 (1988).[4] However, there was no evidence as to how long the defendant was without water service. The court is unable to CT Page 2279 speculate or to infer that it was more than one day.
The court finds that the defendant owes the plaintiff four months rent @ $425.00, less $238.00 paid by the defendant for water service, less $13.23 for one day during which the premises were without water service.
Judgment may enter in favor of the plaintiff in the amount of $1,448.87.
BY THE COURT
Bruce L. Levin, Judge of the Superior Court